**Stanley BOWLING, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 23, 1959.

Chas. C. Smith, Neville Smith, Manchester, for appellant.

Jo M. Ferguson, Atty. Gen., David B. Sebree, Asst. Atty. Gen., for appellee.

MILLIKEN, Judge.

The sole issue here is whether there is sufficient evidence to justify the jury in concluding that the death of Laura Burns, six days after being hit by appellant's automobile, was caused by the injuries she had thus received. The jury necessarily found that her death was attributable to the injuries when it convicted the appellant on a charge of voluntary manslaughter and sentenced him to two years in the penitentiary.

The appellant, Stanley Bowling, was twenty-three years of age at the time his 1946 Plymouth automobile collided with the car of sixty-four year old Laura Burns, operated by her son, about 9:30 Saturday morning, January 4, 1958, nearly a mile outside the City of Manchester in Clay County. The appellant had been out all night visiting with some of his contemporaries, and apparently was on his way home when the collision occurred. Conflicting testimony was presented, and it was left to the jury to decide whether appellant was under the influence of alcohol at the time of the accident and whether he was driving at a reckless rate of speed and was on his left side of the highway when the collision occurred. The appellant claimed he had been drinking only coffee.

Mrs. Burns and appellant were thrown out of their cars by the impact, and both were immediately hospitalized. Mrs. Burns received "a cut and a contusion in the forehead, several bruises over her face and she had injuries to her chest, bruises on both her legs, also her knees," according to her physician, Dr. W. E. Becknell, the only physician who testified in the case. She was hospitalized at Manchester until Wednesday following the accident, was released and was home for one day, suffered a relapse, was transferred to a Lexington hospital the next day, suffered a stroke and died that night.

It is the testimony of Dr. Becknell which is the target of the appellant's attack. The physician admitted that he had treated Mrs. Burns for high blood pressure before the accident. He testified that he gave her a thorough X-ray examination when she was brought to his hospital after the accident and found no broken bones. He said he did not X-ray her skull, but the cut in her forehead "was down to the covering of the bony part of the skull." A "weakness" in Mrs. Burns' left arm and the left side of her face was apparent to her physician the day before she died of the stroke.

The appellant's charge that the physician's testimony failed to establish the causal connection between her injuries and her death is centered around his expressed belief that Mrs. Burns suffered a brain concussion from the collision which in turn

caused the stroke from which she died. The physician would not testify as a fact that Mrs. Burns had a concussion or that she died as a result of one, but left no doubt that it was his opinion she suffered a concussion which precipitated her death. No autopsy was performed on Mrs. Burns.

The determination of the proximate cause of death is a matter for the jury. The fact that other causes may have contributed to the death of Mrs. Burns would not preclude the jury from deciding that the injuries she received in the collision were the proximate cause of her death. 26 Am.Jur., Homicide, Section 48, page 191; notes to Section 875, Stanley on Instructions to Juries, 2nd Edition. The physician's opinion was an inference by a trained man, based on his observation of Mrs. Burns' condition, and was properly admitted. 20 Am.Jur., Evidence, Section 867, page 730. Instruction No. 1 of the court covering voluntary manslaughter, for which the appellant was convicted, adequately submitted to the jury the question of causation.

The judgment is affirmed.